Berry and another vs. Turner and others.

*By the Court.* — Orders affirmed.

---

BERRY and another vs. TURNER and others.

MECHANIC'S LIEN.   *Time for filing claim.*

Where work in the erection of fixtures in a building is done according to
contract, or is accepted, so that the contractor might recover any sum
that is payable immediately upon its completion, a claim of mechanic's
lien therefor must be filed within six months after such completion (R. S.

1858, ch. 153, sec. 4, as amended); and the fact that the party for whom the fixtures are erected is afterwards found to have a counterclaim for breach of some warranty concerning the same, and that, in settlement of such claim, the contractor makes changes in the fixtures without additional charge, does not extend the time for filing the claim of lien.

APPEAL from the Circuit Court for *Outagamie* County. The case is thus stated by Mr. Justice TAYLOR:

This action was brought to enforce a mechanic's lien, in favor of the plaintiffs against the defendants *Turner* and *Morgan*, who were the owners of the "Waverly House," a hotel in the city of Appleton, for a balance due them for the value of a gas-manufacturing machine and fixtures, and labor in putting the same in position, for the purpose of furnishing gas for lighting said hotel. The evidence shows that the gas generator and fixtures were to be furnished by the plaintiffs, and be set up so as to be ready for use. The sum to be paid for the machine and fixtures was $800, to be paid as follows: $200, January 1, 1874; $200 in four months; $200 in eight months; and $200 in twelve months; and it appears from the evidence that the cost of putting the same in place was about $216. The machine was furnished, with the fixtures, and set up ready for use, on the 16th of October, 1873; and on the 13th of November, 1873, the plaintiffs sent a statement of their claim for the sum due them on account of the machine and fixtures. In April, 1874, an agent of the plaintiffs, having heard that there was some complaint made that the machine did not work well, spent a few hours in regulating it, changing some weights, etc. Upon this point the witness says: "It took me an hour or such a matter. I took what material I found on hand. I did not make any charge for that work."

In September, 1874, the owners of the hotel having made objection to paying for the machine and fixtures, because they alleged that the plaintiffs had warranted that the placing of the air pump connected with and a part of said machinery, in the basement of said hotel building, would not in any way change or affect the insurance which they had upon the hotel building and furniture, and that the insurance com-

panies refused to insure the building or furniture unless such air pump was removed from the basement of the building, a compromise was made between the plaintiffs and the owners of the hotel, by which the plaintiffs deducted from their claim the sum of $55, being the cost of the construction of a building in which to place the air pump outside of the building, and extended the time of payment for the amount due on account of the machine and fixtures and labor, and removed at their own cost the machine from the basement, and put it in the building so prepared by the defendants.

The petition for a lien was filed March 12, 1875, and within six months after the work of removing the air pump was completed.

Upon this state of facts, the court below found that the plaintiffs were not entitled to a lien upon the hotel premises for the amount of their claim, or for any part thereof. A personal judgment was entered in favor of the plaintiffs against the defendants *Turner* and *Morgan*, for the amount due the plaintiffs, with costs, and the complaint was dismissed as to all the other defendants, with costs.

The plaintiffs appealed from that part of the judgment which refused them the lien prayed for in their complaint.

The cause was submitted on the brief of *W. J. Allen* for the appellants, and that of *Richard Lester* and *H. C. Sloan* for the respondents.

TAYLOR, J. We are of the opinion that the learned circuit judge who tried this action in the court below, was clearly right in finding that the plaintiffs had no lien for the amount of their claim, and that the judgment must be affirmed.

Sec. 4, ch. 153, R. S. 1858, as amended (under which the plaintiffs claim their lien), reads as follows:

" No such debt for work and materials shall remain a lien upon such lands, houses or other building or machinery, longer than one year from the time of the furnishing of materials or the performance of the labor, unless a petition or claim for the same be filed, and an action for the recovery thereof be

instituted, within the said year. Such petition or claim shall be filed in the office of the clerk of the circuit court of the proper county, within six months from the date of the last charge for work and labor performed, or materials furnished."

The evidence in the case at bar shows that the machinery and fixtures were all furnished, and the work and labor all performed in placing the same in position ready for use, as early as the 6th day of October, 1873. The account for the value of the same was rendered by the plaintiffs to the defendants *Turner* and *Morgan*, November 13, 1873; and, so far as the evidence shows, the defendants accepted the machine and fixtures, and the work of putting them in position, as of that date. If, by the terms of the contract, the payment had been required upon the completion of the work, there can be no doubt that the plaintiffs could have maintained an action for the purchase price immediately after the completion of the work in October, 1873.

The fact that there was a warranty upon the sale, and that such warranty was afterwards found to have been broken, could not affect the plaintiffs' right to recover for the contract price as fixed by the terms of the contract, subject to the defendants' right to a counterclaim for any damages sustained by the breach of the warranty.

The evidence shows that the defendants *Turner* and *Morgan* did not rescind the contract because the warranty was broken; and it cannot therefore be consistently claimed that there was a new sale and delivery of the machinery and fixtures in September, 1874. The defendants complained that there was a breach of warranty in relation to the effect which the machine, as placed by the plaintiff, would have upon insurance, and insisted that the plaintiffs, as a satisfaction to them for their damages in that respect, should be at the expense of removing the machine to a place which would obviate the objection of the insurance companies, and in addition pay the defendants the cost of erecting a building in which to place the machine; this the plaintiffs accepted as a settlement of the defendants' claim for damages, and thereupon the de-

fendants assented to the payment of the whole amount of the plaintiffs' claim as fixed in November, 1873. We are unable to see how the work in removing the machine in 1874 can be construed to be a part of the work agreed to be done in 1873 By the contract of 1873, the plaintiffs were to place the machine just where it was then placed; it was so placed with the assent of the defendants, and the whole work was then completed as agreed upon by the parties. Suppose the defendants *Turner* and *Morgan* had paid for the machine and fixtures in 1873, when the work was finished, and afterwards had claimed damages of the plaintiffs on account of a breach of warranty in respect to the work or machine, and, in order to settle such claim for damages, plaintiffs had done the same work and made the same payment they did in this case in 1874: it is patent they would neither have a lien for such work, nor any claim against the defendants therefor.

We do not see that what was done by the plaintiffs in this case in 1874, was at all different in its nature. It was not in completion of the contract made and performed in 1873, but was simply a settlement of a claim for damages which the defendants preferred against them, for a breach of warranty of that contract, and was in no sense a completion of it. By the contract of 1873, it was agreed that the machinery should be placed within the hotel building, and it was so placed; and there was no agreement that, if it did not work well there, it should be removed by the plaintiffs outside the building, but the plaintiffs agreed (so the defendants allege) that the placing it in the building would not injure them in the matter of their insurance. In 1874 the defendants claim that so placing it did injure them in that respect, and demand that the plaintiffs shall make them good for such injury; they assent to the justice of the claim, and, instead of making satisfaction in money in whole, they do so by removing the machinery out of the building to a place where it will not prejudice the rights of the defendants. To make the matter more plain, suppose, when the defendants made their claim for damages in 1874, the plaintiffs, instead of removing the

machine themselves, had said to the defendants: "You remove the machine to a suitable place outside the hotel building, where it will not interfere with your insurance, and we will give you credit on our account against you for the costs of such removal:" could it be said that such work done by the defendants themselves would have been a continuance of the plaintiffs' work under the contract of 1873?

The mistake made by the appellants lies in the false theory that the work done in 1874 was done in completion of the contract made and completed in 1873, and not in satisfaction and settlement of the claim for damages preferred by the defendants on account of the alleged breach of warranty.

*By the Court.*— The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.