THE FISH CREEK BOOM & LOG DRIVING COMPANY, Respondent, vs. THE FIRST NATIONAL BANK OF ASHLAND, Intervener, Appellant.

*November 20 — December 15, 1891.*

*Liens: Logs and lumber: Time for filing claim: Continuous services.*

Plaintiff contracted to raft and boom all the logs which a firm had in a certain stream. All the logs except four were delivered to the firm prior to July 11th, and both parties treated the contract as fully performed; but in October following the plaintiff, in "clearing up" the stream, found said four logs and delivered them. *Held,* that such delivery did not keep alive plaintiff's right to a lien on the logs previously delivered, no claim for a lien having been filed within thirty days after such previous delivery. The plaintiff's services could not be deemed continuous.

The Fish Creek B. & L. D. Co. vs. The First Nat. Bank of Ashland.

APPEAL from the Circuit Court for *Ashland* County.

Action to enforce a lien upon lumber. The facts are stated in the opinion. The defendants A. Weed & Co. made no defense. The *First National Bank of Ashland* intervened under the statute and answered the complaint, claiming an interest in the lumber and alleging that plaintiff's services were completed on or before July 4, 1890, and that more than thirty days had elapsed thereafter before the filing of the claim for a lien. From a judgment in favor of the plaintiff, adjudging the amount of its claim to be a lien on the lumber, the bank appeals.

For the appellant there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *E. F. Gleason*. They contended, *inter alia*, that the true rule is that if all the work is done under one and the same contract, the limitation for filing a lien begins to run from the date of the last item. *Chapman v. Wadleigh*, 33 Wis. 267; *Fowler v. Bailley*, 14 id. 125; *Frankoviz v. Smith*, 34 Minn. 403.

COLE, C. J. This action is to enforce a lien upon lumber for rafting and booming logs. The work was performed by the plaintiff corporation in the season of 1890, under an oral agreement between it and the defendants A. Weed & Co., by which the plaintiff undertook to raft and boom all the logs which Weed & Co. had in Fish creek for an agreed price per M. feet. All the logs except four, which would make about 600 feet, were delivered prior to July 11, 1890, when the plaintiff notified Weed & Co. that it had rafted and delivered their logs, and called for a statement as to the quantity put in, as it wanted to make out bills for the same. Weed & Co. furnished no statement, but the plaintiff obtained the wood-scale from one Denomie, who put them in. August 19th the plaintiff sent Weed & Co. a bill

for services for rafting and booming their logs. In October the plaintiff "cleared up" Fish creek by gathering together all the scattering logs which had been left, and on the 20th of that month delivered at Weed's mill the four logs above mentioned. Up to this time the plaintiff had filed no claim for a lien upon the logs. On the 15th day of September, Weed & Co. gave the *First National Bank of Ashland* (which is resisting the lien in this case) a chattel mortgage upon their lumber and logs, to secure their indebtedness to the bank.

There is really no dispute about the above facts as stated. The question, therefore, is, Can the plaintiff enforce its lien against the logs which are embraced in the mortgage given to the bank? On the part of the bank it is said that it cannot, because more than thirty days had elapsed after the completion of the services before the claim for a lien was filed. The statute provides that, where the labor or services are performed after the 1st of May and before the 1st day of November, unless the doing or performing of such labor or services shall be continuous, the claim for lien shall be filed within thirty days after the last day of doing or performing such labor or services. Sec. 2, ch. 413, Laws of 1889. Now, the evidence is perfectly clear and conclusive that the plaintiff and Weed & Co. treated the contract for rafting and booming the logs as fully completed prior to July 11, 1890, and the jury in effect so found. True, the jury further found that, as to the four logs which were delivered on the 20th of October, they were rafted and boomed under the original contract, but were not rafted for the purpose of founding a claim for a lien. It would, we think, be contrary to the true intent and meaning of the statute to enable a party to keep alive his right to a lien in this manner. The labor and services are not to be deemed continuous when thus performed. Here there was an interruption in the services or in the delivery of logs of more than three

months, when no logs were rafted and boomed; and this, too, after both parties treated the contract as having been fully performed.

If a right to a lien might be kept alive by delivering logs under the contract in October, we see no reason why it might not be by delivering logs upon it in the following spring, or at any indefinite time in the future. There would surely be no safety in dealing with property liable thus to have liens enforced against it without notice of record to purchasers or incumbrancers that a right to a lien existed. Of course, where a party is continuously performing labor on a contract, the statute does not require him to file his claim every thirty days to preserve it. In such a case there is, within the meaning of the law, a continuous or uninterrupted service under a contract, though there may be a cessation of a few days in the work. A man may have a contract for building a house which will take months or a year to complete, and there may be days when he performs no work upon it, nor furnishes any material; still the service may properly be regarded as being continuous, within the meaning of the statute. There is a distinction between this case and such cases as *Fowler v. Bailley*, 14 Wis. 125, and *Frankoviz v. Smith*, 34 Minn. 403, to which reference is made on the brief of counsel. Here both parties considered the contract fully completed and the logs all delivered prior to July, as they were in fact. If the plaintiff had found no logs belonging to Weed & Co. when it cleared up Fish creek in the fall, then its counsel would probably have not insisted that it could enforce a lien by filing its claim when it did. But we are entirely clear that the lien was not preserved or kept alive by delivering the four logs in October, and that it had no right to enforce a lien founded upon that fact. The services and labor were really performed prior to July, and the thirty days for filing the lien had expired when the claim

was filed in October. So far as the rights of the bank are concerned, it would be most unreasonable and unjust to permit the plaintiff to enforce its lien after having rested for so long a time after the completion of the contract.

The judgment of the circuit court giving a lien, on the special verdict, upon the property for the amount claimed in the complaint, is erroneous, and is reversed; and, as we cannot assume the evidence will be the same on another trial, the cause is remanded for a new trial of the issue between the plaintiff and the bank.

*By the Court.*— Ordered accordingly.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*