JOHN T. NOYE MANUFACTURING CO. *v.* THREAD FLOUR-ING-MILLS CO.

MECHANIC'S LIEN—TIME FOR FILING CLAIM—EXTENSION—EFFECT OF SETTLEMENT.

A mill built by complainant, upon trial, proved unsatisfactory to the owners, and a memorandum was furnished of the alterations required to perfect the work. A settlement was then had, wherein a deduction was made from the contract price for the payment of a millwright, who was to be engaged by the owners to place additional machinery and make specified alterations. At the same time complainant gave a paper reciting the receipt of certain notes in full settlement for all claims accruing through the furnishing of machinery and labor for the mill, and agreeing, in consideration of such settlement, to furnish a stand of 9x24 rolls in exchange for the stand of 9x18 rolls originally furnished. Thereafter the order was changed to 9x30 rolls, the owners to pay the difference in price, and the rolls were supplied accordingly. *Held,* that the furnishing of the last rolls, and the work done by the millwright in setting them up, were pursuant to a new contract, and the time for filing a claim of lien under the original contract was not thereby extended.

Appeal from Genesee; Wisner, J. Submitted June 12, 1896. Decided July 8, 1896.

Bill by the John T. Noye Manufacturing Company against the Thread Flouring-Mills Company and others

to enforce a mechanic's lien. · From a decree dismissing the bill, complainant appeals.    Affirmed.

*Birney Hoyt*, for complainant.

*Edward S. Lee*, for defendants.

HOOKER, J.    The complainant built a flouring mill, upon a contract with the Thread Flouring-Mills Company of Flint.    In November they started it for trial, and it did not prove satisfactory to the owners, and the complainant agreed to furnish a pair of 9x24 rolls to take the place of those previously furnished, and to get a local millwright, a Mr. Bishop, to fix some of the machinery, and to make right an inadequate belt and some loose cogs, all· of which Mr. Bishop was to do.    On January 2, 1894, the parties met again, when, as stated by the complainant's agent,· a definite agreement was reached.    He testified that there was a clause in the contract under which the owners were to be made satisfied, and on this occasion he was furnished with the *data* of alterations required to make the mill satisfactory; that the witness made an allowance in the settlement for a sum to pay for the work of Mr. Bishop, who was to be engaged by the owners to place additional machinery and make specified alterations.    At the same time witness executed the following paper:

"FLINT, MICH., January 2, 1893.[1]

"Received of the Thread Flouring-Mills Co. twenty-eight hundred ($2,800) dollars, in three notes, payable in two (2), four (4), and six (6) months, in full settlement for all claims accruing through the furnishing of machinery and labor for their mill, elevator, and engine.    In consideration of the above settlement we agree to furnish one stand of 9x24 double rolls in exchange for the stand of 9x18 rolls now in the mill.

"THE JOHN T. NOYE MANFG. CO.,
*per* WM. H. SNYDER."

---

[1] Conceded to be 1894.

Upon this occasion the notes above described were executed and delivered to the complainant's representative.

On January 8, 1894, the mill owners sent the following letter to complainant:

"Flint, Mich., January 8, 1894.
"John T. Noye Manufacturing Company,
    "Buffalo, N. Y.

" *Gents:* Instead of sending the stand of 9x24 rolls, we wish you would send a stand of 9x30, to be used for our first brake.    We will, of course, pay the difference in cash. We will then have the 9x24, now first brake, recut for the fifth brake or bran rolls, and will return or buy the 9x18. We are very anxious to have the rolls here when Mr. Dewitt gets here.    Will you not make a great effort to get them off quick?

      "Truly yours,
          "Thread Flouring-Mills Company,
                    "C. M. Harris."

This was accepted, and rolls furnished accordingly, the same arriving in February.    Subsequently the mill was destroyed by fire, and complainant now asserts a lien upon some of the machinery for a balance due on the contract to build and furnish the machinery for the mill.

If the furnishing of the last roll, and the work of setting it, done by Mr. Bishop, can be said to have been performed under the original contract, the proceedings are in time. If not, they are too late.    We are of the opinion that they were not thus performed, but that the parties settled on January 2d, and made a new contract, by which the complainant was relieved of further service under the original contract, in consideration of a deduction made from the contract price, and an agreement to furnish new rolls, which last was again changed by an arrangement to substitute still larger rolls.    Our view of the case accords with that of the learned circuit judge who tried the cause, and his decree dismissing the bill is therefore affirmed, with costs.

Long, C. J., Montgomery and Moore, JJ., concurred.    Grant, J., did not sit.