Brown vs. Edward P. Allis Co. and others.

BROWN, Appellant, vs. EDWARD P. ALLIS COMPANY and others, Respondents.

BROWN, Respondent, vs. EDWARD P. ALLIS COMPANY, imp., Appellant.

BROWN, Respondent, vs. PATTERSON, Assignee, imp., Appellant.

*November 22 — December 10, 1897.*

(1, 2) *Mechanics' liens: Separate contracts: Evidence: Priority.* (3) *Appealable order.*

1. The owners of a building entered into a written contract with A. to equip it with the necessary machinery for a flouring mill, every article to be furnished being expressly indicated. About two weeks after the contract had been completed and accepted in writing, and after the mill had been in operation about that length of time, the owners purchased new pulleys of A. for the purpose of increasing the power. Within six months from the date of the charge for said pulleys, but more than six months from the date of the last charge under the written contract, A. filed a claim for a lien against the premises for the purchase price of all the materials furnished. *Held,* that the pulleys were furnished under a separate contract, and the claim was therefore filed too late to preserve the lien for the materials furnished under the written contract.

2. A building was constructed and equipped as a macaroni factory and operated as such for about two weeks. The owners then put in flouring-mill machinery. In an action to determine the priority of various liens and mortgages on the premises, the admission

Brown vs. Edward P. Allis Co. and others.

of evidence that the owners had no intention of putting in the milling machinery until after the macaroni factory had been completed is *held* not to have been error.

3. Under ch. 212, Laws of 1895, an order refusing to grant a new trial is not appealable.

APPEALS from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed in part; reversed in part.*

This was an action to foreclose certain mechanics' liens on the premises in question, assigned to the plaintiff, and to have them, with the mortgage executed thereon to him, adjudged a first lien on the premises.

The defendants *Christian Johnson* and *Enos Johnson*, in the spring of 1895, were the owners and in possession of lot 1, block 11, in the city of Baraboo, Wisconsin. They made a contract with Graf & Netcher, builders, for the construction of a building thereon, to be used for a macaroni factory and for a warehouse and feed-mill purposes. James L. Stewart furnished the lumber, Marriott Bros. furnished the hardware, and Graf & Netcher did the carpenter work. The claims of these parties for material furnished and work done not having been paid, they filed liens against the premises for the unpaid balance. The validity and justice of these claims were admitted. In June, 1895, the *Johnsons* needed money for paying a balance due on the lot, and to pay for the macaroni machinery. The plaintiff furnished them $1,700 June 12, 1895, and took a mortgage on the premises as security, no part of which has been paid. A second mortgage thereon, for $500, was given by them July 12, 1895, to the defendant *Anna Glennon*, which is a third lien. About the 6th of July, 1895, after the building had been completed and the macaroni machinery had been running about two weeks, the *Johnsons* determined to use the building for flouring-mill purposes, provided it was suitable and the engine which they had was of sufficient size to drive mill ma-

chinery. They conferred with the defendant the *Edward P. Allis Company*, and on the 6th of July, 1895, made an agreement with it by which that company agreed to furnish the necessary mill machinery for that purpose, amounting in all to over $2,800. On the 2d of March, 1896, the *Johnsons* made a voluntary assignment for the benefit of their creditors. On the 27th day of April, 1896, the defendant the *Edward P. Allis Company* filed a material man's lien against the property in question, the validity of which is the principal question in dispute.

On the 14th of May, 1896, the plaintiff, having bought up the liens of the Marriott Bros., James L. Stewart, and Graf & Netcher, commenced this action to foreclose the liens so assigned to him, and, among other things, demanded judgment that his mortgage be adjudged a first lien on said premises. Upon the trial the court found that the plaintiff's liens and his mortgage were a first lien upon the premises; that the lien claimed by the *Edward P. Allis Company* was a second lien; that the *Glennon* mortgage, of $500, was a third lien; and that any balance arising from a sale of the premises should go to the assignee; and judgment was rendered accordingly. The *Edward P. Allis Company* claims that its lien is a valid lien, and is co-ordinate with the liens so assigned and transferred to the plaintiff, and has priority over his mortgage.

The assignee of the *Johnsons, Mark L. Patterson*, appealed from that part of the judgment which finds and adjudges that the *Edward P. Allis Company* has any legal lien at all, insisting that it had lost its right to any lien whatever, and demanding that the judgment should be so modified as to give the plaintiff, *Hiland C. Brown*, a first lien by virtue of his mortgage and the liens assigned to him, and to *Anna Glennon* a second lien for $500, and that any surplus arising from a sale of the property, after paying such liens, should go to him as such assignee. The plaint-

iff, *Hiland C. Brown*, appealed from that part of the judgment which adjudges that the defendant the *Edward P. Allis Company* has a valid claim for a mechanic's lien upon the premises and real estate described in the judgment. The defendant the *Edward P. Allis Company* appealed from that portion of the judgment wherein it is adjudged that the claim of the said defendant the *Edward P. Allis Company* for a mechanic's lien upon the premises and real estate in said judgment described is inferior, subsequent, and subordinate to the claims of the plaintiff, *Hiland C. Brown*, on account of the mechanics' liens and the mortgage of the plaintiff; and also from the order of the circuit court, made January 14, 1897, denying and refusing its motion to set aside said judgment, and grant a new trial of the action, on the ground of newly discovered evidence.

The contract between the *Johnsons* and the said *Edward P. Allis Company* was in writing, wherein and whereby said company expressly indicated every article that was to be furnished by it; and the evidence shows that this company furnished everything that it was to furnish under said contract, and that the machinery was put in place and set running about November 1 of the same year, at which time the *Johnsons* accepted it in writing. About two weeks after such acceptance, and after the mill had been running about that length of time, the *Johnsons* concluded to make a change in it, by getting some larger pulleys, which would have a tendency to increase the power, and for that purpose ordered some extra machinery of the said *Edward P. Allis Company*, on the 25th of November, 1895, amounting to $52.37. This was the last item and date thereof in the claim, of matters furnished by said company for said mill; and, including it, the company claimed also the sum of $2,558.54, under the written contract between it and the *Johnsons*, but did not file its claim of lien until the 27th day of April, 1896. The purchase made by the *Johnsons* of the *Edward P. Allis Com-*

*pany* on November 25, 1895, was a separate and independent account or transaction, and was not any part of the original contract in writing, which had been fully performed and accepted before such additional purchase. Under the original contract, the *Edward P. Allis Company* retained title to the property furnished by them until performance and acceptance of their work. Their lien was not filed until more than six months after the date of the charge for the work specified in such original contract.

At the trial, the plaintiff was allowed, against the objection of the defendant the *Edward P. Allis Company*, to introduce parol evidence to the effect that the *Johnsons* in the beginning only intended to erect a macaroni and feed mill and warehouse, and that such mill was fully completed some time in June, 1895, and had been so completed and in operation for about two weeks before the *Johnsons* determined to put in flouring-mill machinery; and the court found accordingly, and that, as the evidence showed, they did not determine to add a milling plant to the factory until between the 4th and the 6th of July, 1895. The evidence on this subject is quite clear and convincing.

The plaintiff in his complaint alleged that the claim of the *Edward P. Allis Company*, filed April 27, 1896, was unfounded in fact, and that no right existed therefor; and said company defendant set up its claim for mechanic's lien by way of counterclaim, containing allegations looking to a foreclosure of said lien. The plaintiff, in his reply, denied that the last item of machinery was furnished November 25, 1895, but averred that it was furnished July 6, 1895, and denied that the claim of the *Edward P. Allis Company* for a lien was filed within six months from the date of the last charge for furnishing such machinery and material.

*Herman Grotophorst*, for the plaintiff and the defendant *Patterson*.

*G. Stevens*, for the *Edward P. Allis Company*.

PINNEY, J. 1. The principal question in this case is whether the defendant the *Edward P. Allis Company* has a me-chanic's lien on the premises described in the complaint, and, if so, its date and amount. This point determined, all other questions are free from difficulty. The only interest the de-fendant the *Edward P. Allis Company* asserts is under the lien it filed April 27, 1896, more than six months after that company had performed its written contract with the *John-sons* and performance of it had been accepted. The amount that thus became due to it was $2,870. This was an entire transaction. The claim for lien is for this item, and the amount of an entirely separate and independent transaction, an item of $52.37, for pulleys, etc., furnished November 25, 1895. This made its entire claim, consisting of two items, $2,922.37, upon which $500 had been paid, leaving a balance due of $2,422.37. The evidence is entirely clear on this point. Over four months elapsed between the performance of the written contract, under which the amount due on it accrued, and the contract for the $52.37, of November 25, 1895. The matter of this last sum was entirely outside of the written contract.

The statute (sec. 3318, S. & B. Ann. Stats.) provides that "no lien hereby given shall exist, and no action to enforce the same shall be maintained, unless within six months from the date of the last charge for performing such work or labor, or of the furnishing of such materials, a claim for lien shall be filed," etc. The claim for lien was confessedly filed more than six months after the date of the charge under the written contract. No connection in fact or in law is shown between these two contracts. Where there are several items of account for goods sold at different times, there must be either an express contract, or the circumstances must be such as to raise an implied contract embracing all the items, so as to make them single or entire. *Secor v. Sturgis*, 16 N. Y. 548. There was here no such express contract, and no

implied contract embracing all the items. *Zimmerman v. Erhard*, 83 N. Y. 74. Where a party furnishes materials for a building at different times, in order to have a lien for the whole amount furnished, and that a lien might be filed one year after the date of the last charge, it was held such materials must have been furnished under *one* contract. *Fowler v. Bailley*, 14 Wis. 126. And where work is done in the erection of a building according to a contract, and where there is an acceptance of such work, a lien therefor must be filed within six months after such completion or acceptance. *Berry v. Turner*, 45 Wis. 105. This view is supported by the case of *Fish Creek B. & L. D. Co. v. First Nat. Bank*, 80 Wis. 630.

No ground appears for tacking both items of the claim of the *Edward P. Allis Company* together for the purpose of filing a lien for their entire amount. It clearly appears that the *Edward P. Allis Company* wholly failed to file its claim in time to secure a lien for the amount that accrued to it under its written contract, and that it had and has no lien on the premises except for the item of $52.37, furnished and dated November 25, 1895.

2. There was no error in the admission of evidence, nor in the findings thereon, to show that the *Johnsons* did not intend, in the first instance, to put in a milling plant until after the macaroni mill had been completed, and did not determine to do so until after the making of the mortgage to the plaintiff. There was but one structure or mill, namely, the original macaroni factory, which, with additions of machinery, etc., was converted into a flouring mill. The contention of the *Edward P. Allis Company* depended wholly upon showing a valid lien. Whether it had such lien was fairly put in evidence, and tried, and it is plain that it has no lien thereon except for the $52.37, as stated.

3. The order refusing to grant a new trial on the ground of newly discovered evidence was not appealable, and the

appeal of the *Edward P. Allis Company* therefrom must be dismissed. Laws of 1895, ch. 212.

It follows from these views that the part of the judgment appealed from by the plaintiff which adjudges that the defendant the *Edward P. Allis Company* has a valid claim for a mechanic's lien upon the premises and real estate described in the judgment must be reversed, with costs against said *Edward P. Allis Company*, in favor of the plaintiff, except as to the said sum of $52.37; and that that portion of the judgment which adjudges that the claim of the defendant the *Edward P. Allis Company* for a mechanic's lien upon the premises and real estate in said judgment described is inferior, subsequent, and subordinate to the claim of the plaintiff, *Hiland C. Brown*, on account of the mechanic's liens assigned to him and his mortgage, must be affirmed. The claims of the different parties are entitled to rank and precedence in the application of the proceeds of the sale of the premises as follows: (1) The claim of the plaintiff for the amount due on his mortgage and the several mechanics' liens assigned to him; (2) the claim of the defendant *Anna Glennon* for the amount due on her mortgage of $500, which is prior to the lien adjudged to the *Edward P. Allis Company;* (3) the amount due to the *Edward P. Allis Company* on its said lien of November 25, 1895, for $52.37; and the residue of the proceeds, if any, is to be paid to the defendant *Mark L. Patterson*, assignee of the defendant *Johnsons.*

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in accordance with the opinion of this court.