HUTCHINS, Appellant, vs. BAUTCH and another, Respondents.

*November 22—December 13, 1904.*

*Appeal and error: Findings, when disturbed: Conclusiveness: Mechanics' liens: Contracts: Definiteness: Continuity of work: Estoppel: Sale of land pending doing of lienable work: Offer to perform.*

1. Findings of fact made by a trial court are to be deemed verities in support of the judgment rendered thereon, unless from the record it appears that they are contrary to the clear preponderance of the evidence.

2. It is not an essential under the lien remedy given to mechanics and materialmen by ch. 143, Stats. 1898, that the contract for furnishing the labor or material should be so definite as to enable the one personally liable to the lien claimants, or the owner or person interested in the structure involved, to determine precisely the contract price for such labor or material or the details of the work. It is sufficient as to work or material alleged to have been furnished under one contract to show that it was in fact so furnished.

3. While there must be some visible commencement of work under the lien statute to fix the time of the commencement of the lien claim, there need not be visible continuity of work from first to last in order that the last labor or material furnished may relate back to the commencement of work, and all be regarded as furnished under one contract or an entire running account.

4. Delay in completing lienable contract work sufficient to indicate so clearly either that the contract has been fully performed or has been abandoned, as to excuse third parties dealing with the property from making inquiries in respect to the matter, may affect the right of lien upon principles of estoppel *in pais*.

5. If, while a person is in the performance of lienable work on land under contract with the owner the latter sells the land to a third party, such person is in any event entitled to a lien thereon for the work and material already furnished whether he completes his contract or not, if failure in that regard is without fault on his part. An offer by him to perform, as regards preservation of his lien, is equivalent to performance.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Trempealeau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action to remove a cloud on title to real estate. The issues made by the pleadings are sufficiently indicated by the findings, which are to this effect: September 18, 1900, and for some time prior thereto, plaintiff owned the land described in the complaint, on which date he contracted to sell and convey the same to Mary Bangs. The contract was duly recorded September 22, 1900. Mary Bangs took possession of the property and continued in such possession until May 1, 1903. May 20, 1902, she quitclaimed the property to plaintiff reserving possession, however, till November 1, 1902. The deed was duly recorded. November 24, 1902, plaintiff by warranty deed conveyed the land of John Arneson. The deed was duly recorded.

May 7, 1901, defendants contracted with Mary Bangs to deepen a well on the premises and repair the pump used in such well and equip the pump with a frost-proof cock. Defendants commenced performance of such contract May 4, 1901, and finished their work, except that of equipping the pump as stated, by May 20, 1901. The final act was omitted for the customary time, and was performed about May 27, 1902. On that date a petition in due form was duly filed to preserve defendants' right of lien on the premises for the amount due them under said contract, which is the cloud complained of. Upon such facts the court decided that defendants were entitled to a lien on the land in accordance with their petition, and that such petition did not constitute a cloud on plaintiff's title, which equity, at his suit, would remove.

Accordingly judgment was rendered dismissing the complaint with costs.

For the appellant there was a brief by *R. S. Cowie* and *Winter & Esch,* and oral argument by *Frank Winter.*

For the respondents there was a brief by *Anderson & Ekern,* and oral argument by *H. E. Ekern.*

MARSHALL, J.   The ultimate question for solution in this case is, under the circumstances were respondents entitled to a lien under ch. 143, Stats. 1898, the person they dealt with having, more than six months after their contract was, as regards appearances to third parties, performed, conveyed her interest in the land to appellant?   The errors assigned, in the main, are that the trial court improperly held that the contract included the work of putting on the frost-proof cock; that putting it on after the apparent completion of the work, as regards third parties, extended the time for filing the lien petition; that an entry on the premises to complete the work after the sale to plaintiff, without his permission, could affect the right of lien; and that the delay of one year in putting on the frost-proof cock was according to custom, or was reasonable.

On all questions of fact involved in the assignments of error the evidence, as we find it in the record, is so conflicting that under familiar rules the trial court's findings cannot properly be disturbed.

Counsel argue that the contract was so indefinite that, as a matter of law, the putting in of the frost-proof cock should not be deemed to be included therein.   On that reference is made by counsel to decisions elsewhere.   There is nothing in our statutes suggesting as an essential to a lien on realty, as to third parties, that the terms of the contract must be so precise that the amount agreed to be paid for work and material furnished thereunder can be definitely determined therefrom.   The rule in Massachusetts, which counsel invoke, does not apply to our statutes.   They in unequivocal terms provide that every person, who as principal contractor furnishes work or material in specified cases, including such as the one before us, used in the improvement of realty so as to become a part thereof, is entitled to a lien for the indebtedness created thereby upon all the right, title and interest in such realty of the person contracted with at the time of the com-

mencement of such work, or the furnishing of such material. Neither the contract price for the work and material, nor the precise details of such work are required by the statutes, expressly or by implication, to be fixed in advance. It is sufficient as to any work or material that it be in fact included in the contract. The time for filing the lien petition is limited to six months subsequent to the last charge for furnishing material or work. Sec. 3318, Stats. 1898. That, as to all furnished under one contract, regardless of the time occupied in the execution thereof, commences at the date of the last thereof. *Fowler v. Bailley,* 14 Wis. 125. That case indicates clearly that mere lapse of time between the last act and those preceding it in the execution of a contract is immaterial.

In support of the point that omission to furnish some unimportant part of contract work, or material, till a considerable period after the contract has been apparently fully performed cannot extend the time for filing the lien petition. *Chapman v. Wadleigh,* 33 Wis. 267, is referred to. That case is to the effect that the language of sec. 3314, Stats. 1898, providing that the lien shall have priority over any other lien originating subsequent to the commencement of the construction, repair, etc., calls for visible physical acts in that regard, likely to give notice to third parties dealing in respect to the realty and put them on inquiry. It has no reference to necessity for visible continuity of work from the commencement thereof to the beginning of the period limited for filing the lien. *Fish Creek B. & L. D. Co. v. First Nat. Bank,* 80 Wis. 630, 50 N. W. 585, cited by counsel, relates to the log-lien statute, which expressly requires continuity of work. *Berry v. Turner,* 45 Wis. 105, also cited, is to the effect that work done after completion of a contract, pursuant to a settlement for breach thereof does not count in determining the time within which the lien may be filed for indebtedness accruing under the contract. Numer-

ous other cases are cited to our attention all of which have been examined. We fail to discover that any of them more closely bear on the question in hand than those specially referred to. Doubtless, such delay in completing a contract as to indicate either full performance, or abandonment of the work, so clearly as to render failure to make inquiries in respect to the matter excusable, would be binding on the lien claimant upon principles of estoppel *in pais*. The trial court found here that there was no unreasonable delay, and we do not see our way clear to disturb that decision.

It seems that counsel are in error in their position that the trial court decided that a lien can be acquired, or the time for filing a lien petition extended, by the commission of a trespass. When the last act under the contract was performed the person respondents contracted with was still in possession of the premises, and so far as we can discover, neither she nor any one else prohibited them from completing their work. The trial court, doubtless, found that there was no such prohibition, and that if it were otherwise, their willingness to complete their work was sufficient to save their right of lien for work already done. It may be that if one sell land while lienable work is in progress thereon under a contract, the license incident to the contract to enter upon the premises might be terminated by the new owner, but he could not by any mere act of his defeat the lien remedy of the contractor for work already done. If he refused to allow completion of the contract an offer to do so would be equivalent to performance, as regards the commencement of the time limited by law for filing the lien petition for work and material already furnished. Otherwise the remedy under the lien statute might in many cases be defeated by sale of the realty pending the execution of a contract to do lienable work thereon.

There are no other questions suggested for consideration deemed to be of sufficient importance to call for special treatment.

*By the Court.*—The judgment is affirmed.