JOHN R. BOOTH, TRUSTEE, *vs.* FERDINAND VONBEREN ET ALS.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

It is unnecessary to consider a ruling upon demurrer where the same questions are again presented by the finding of facts.

In order to acquire a valid lien under General Statutes, §§ 4136, 4137, it is essential for one who has merely rendered services in the construction of a building or has furnished material therefor, to file a certificate of lien within sixty days after he has ceased to do so.

A lumber dealer supplied a building contractor with lumber for the construction of a house, but failed to file his certificate of lien therefor until more than sixty days had elapsed after he had ceased to furnish it. Thereafter the original contractor was discharged and the lumber dealer voluntarily furnished his successor with material to complete the building and then filed another certificate of lien for the entire amount. *Held* that having lost, by delay, his right to file a lien for the material furnished to the original contractor, he could not thereafter tack the separate and independent transactions with the two contractors together so as to revive the right thus lost, nor could he by such action extend the time for filing a certificate for the lumber first supplied.

Argued June 2d—decided July 20th, 1909.

SUIT by the trustee in bankruptcy of a building contractor, to determine the validity of several mechanics' liens and the amount due thereon respectively, and to recover an alleged balance from the owner of the building, brought to the Superior Court in New Haven County where a demurrer to the answer was overruled (*Ralph*

*Wheeler, J.*) and the cause was afterward tried to the court, *Reed, J.;* facts found and judgment rendered in favor of the defendants, and appeal by the plaintiff. *Error and cause remanded.*

The court found these facts: On October 1st, 1907, one Humphrey, a builder, entered into a written agreement with the defendant VonBeren to build a house for the latter for the sum of $5,475, for which there is now due Humphrey, under the contract, the sum of $1,275. Humphrey carried on the work by himself and subcontractors until about the middle of February, 1908, at which time the house had been plastered and the exterior work nearly completed. ·

On March 6th, 1908, VonBeren, because of Humphrey's failure to satisfactorily advance the work, terminated Humphrey's employment, and neither Humphrey nor any of the subcontractors under him have since, by order of Humphrey, rendered any services or furnished any materials in the construction of said house.

On March 24th, 1908, Humphrey, on his own petition, was adjudicated a bankrupt, and the plaintiff was duly appointed and qualified as trustee on his estate. At that time, and for six months prior thereto, Humphrey was indebted to Mansfield in about $7,000 for lumber supplied for use in various houses which Humphrey had built.

On March 17th, 1908, VonBeren entered into a written agreement with one Murdock to complete said house for the sum of $2,300, and Murdock thereupon finished the house in accordance with his said agreement.

The defendant Mansfield has for many years been engaged in the business of selling lumber of all kinds, and Humphrey had for a long time been one of his regular customers, and for about a year prior to October 1st, 1907, Mansfield had furnished him all the lumber he required in his work as building contractor. Mansfield commenced to deliver material upon the order of Humphrey at the Von-

Beren house October 21st, 1907, and ceased to deliver
material to or render any services in the construction of
said house upon the order of Humphrey December 27th,
1907. The value of the materials so furnished by Mans-
field was $827.77. The material so furnished was charged
to Humphrey upon the books of Mansfield. The record
of sale and deliveries of materials was by Mansfield kept
separate from the record of materials furnished upon order
of Humphrey for the construction of other houses, and
the account against Humphrey for materials so furnished
for the VonBeren house was kept separate from the ac-
counts against Humphrey for materials furnished in the
construction of other houses. None of this material was
ever ordered by or charged to VonBeren.

On or about December 27th, 1907, Mansfield became in-
formed, both by the statements of Humphrey and by
personal observation, that the house was ready for plaster-
ing, and that the material which he had furnished to that
date was substantially all that was necessary to complete
the exterior work on the house. From his knowledge and
experience of building he knew that in the usual course
no further orders for the lumber required for the comple-
tion of the interior would be given for several weeks. On
February 8th, 1908, and again on or about February 17th,
Mansfield was informed by Humphrey that the plaster
was nearly dry, and that he would order the lumber for
the completion soon. On March 1st, Mansfield was again
informed by Humphrey that he expected to get into the
house in a few days, and would send him a list of the lum-
ber needed for interior completion. At this time Mansfield
did not know that Humphrey was in failing circumstances,
but he did know it some time before the filing of the peti-
tion in bankruptcy, and knew that Humphrey had stopped
work on the VonBeren house early in February.

On March 25th, 1908, Mansfield gave notice to VonBeren
that he had commenced to furnish materials, and of his

intention to claim a lien therefor, and on March 26th, 1908, lodged a certificate of a mechanic's lien on the premises of VonBeren in the town clerk's office of New Haven. In said certificate Mansfield stated, under oath, that in accordance with a certain contract between himself and said Humphrey, as the contractor and agent for said Von-Beren, he commenced to furnish materials and render services in the construction of a building of said VonBeren, on the 21st of October, 1907, and ceased furnishing such materials and rendering such services on the 27th of December, 1907, and that the value of such materials and services was $827.77, and that that sum with interest from said 27th of December was the amount due him, and for which he claimed a lien.

Mansfield was informed about March 10th, that the contract for the completion of the VonBeren house was to be taken by said Murdock, who was a regular customer of Mansfield, and a man of responsibility and credit; and on March 18th, 1908, Mansfield began to furnish materials upon the order of Murdock for the completion of the Von-Beren house, and thereafter continued so to do, ceasing to furnish such materials on May 1st, 1908. The materials so furnished were of the value of $247.94. They were ordered by Murdock to be for use in the completion of the VonBeren house, and were used therein. Some were delivered on the VonBeren premises, but the larger part to Murdock, who took them to his own shop, and worked them before using them. The records of the orders and deliveries and the accounts for the materials so furnished for the VonBeren house were kept by Mansfield separate from other records and accounts against Murdock. These materials were furnished in the regular course of business, in good faith, and not for the purpose of thereby extending the time for filing his certificate of lien for the materials furnished upon the order of Humphrey.

On June 29th, 1908, Mansfield filed for record in the

town clerk's office in New Haven a certificate of lien, in which he stated, under oath, that in accordance with a contract between himself and Humphrey, and also a contract between himself and said Murdock, each of them contractors and agents of VonBeren, he had furnished materials and rendered services in the construction of a building of said VonBeren; that he commenced to furnish materials and render services on his contract with Humphrey on the 21st of October, 1907, and ceased on the 27th of December, 1907, and commenced to furnish materials and render services on the contract with Murdock on the 18th of March, 1908, and ceased on the 1st day of May, 1908; that there was then due him under the contract with Humphrey $827.77, and under the contract with Murdock $247.94; and that he claimed a lien for said sums with interest.

Mansfield in fact ceased to furnish materials and render services upon the order of Murdock, which were used in the construction of the VonBeren building, on the 24th of April, 1908, unless four clothes posts delivered by Mansfield to Murdock in good faith on May 1st, 1908, and stated to be for the VonBeren house, and which were included both in VonBeren's contract with Humphrey and that with Murdock, are to be deemed materials used in the construction of the VonBeren house or its appurtenances.

At the time defendant Mansfield subscribed and swore to the certificate of lien of June 29th, 1908, there was nothing due to him from Murdock for any materials furnished or services rendered in the construction of said house, because said Murdock had prior to said time paid defendant in full for all such materials and services. Mansfield furnished no material, and rendered no services, in the construction of the VonBeren house after December 27th, 1907, for which he was not paid, but Mansfield signed and swore to said certificate in good faith, believing that said Murdock account had not been paid.

Upon these facts the court held, among other things, that the Mansfield lien was valid, and that the amount of it, $869.15, should, with other sustained liens and claims, be deducted from the indebtedness of VonBeren to Humphrey, and the balance of $30.12 paid to the plaintiff.

*J. Birney Tuttle,* for the appellant (plaintiff).

*Leonard M. Daggett* and *James K. Blake,* for the appellee (defendant Mansfield).

HALL, J. All the facts having been found under the issues raised by the plaintiff's reply to the defendant Mansfield's answer, it is unnecessary to consider the ruling of the trial court upon the plaintiff's demurrer to that answer.

The only question presented by this appeal is whether, upon the facts found, Mansfield has, under our statutes, a valid mechanic's lien upon VonBeren's land and building.

Mansfield was not an original contractor for the construction of the house in question, nor did he have a written contract with the original contractor assented to by the owner. To acquire a valid lien for the materials which he furnished, it was therefore necessary for him to comply with the provisions of §§ 4136 and 4137 of the General Statutes. The former required him, within *sixty days after he had ceased to furnish such materials,* to lodge with the town clerk of New Haven his certificate in writing, describing the premises, the amount of the claimed lien, the date of the commencement of the furnishing of materials, stating that the amount claimed was justly due, as nearly as the same could be ascertained, and subscribed and sworn to by him. The latter required him, after commencing, and not later than sixty days after ceasing, to furnish the materials, to give written notice to the owner of his intention to claim a lien therefor on said building.

Mansfield gave one notice, and lodged two certificates. He gave the notice March 25th, 1908, and lodged the first certificate the following day, and lodged the second certificate three months later, June 29th,' 1908, without further notice. The decisive question is, did he acquire a lien under either or both of these certificates?

Although one may properly give notice, under the statute, of his intention to claim a lien for services or materials which he has commenced, but has not yet ceased, to render or furnish, he cannot, by lodging a certificate, acquire a lien for services or materials thereafter rendered or furnished. The materials or services for the furnishing or rendering of which a lien is sought to be acquired by the lodging of a certificate, must have been furnished or rendered before the certificate is lodged with the town clerk. Section 4136 requires the certificate to be lodged within sixty days *after* the materials or services have been furnished or rendered, and requires it to state the amount of the claimed lien, and that that amount is justly due. Under his first certificate, therefore, Mansfield could only acquire a lien for materials furnished prior to March 26th, 1908. But he actually furnished no materials to Humphrey after December 27th, 1907, and furnished no materials to any person for this building between that date and March 18th, 1908, when he began furnishing materials to Murdock, which are clearly not embraced in the first certificate. He, therefore, neither gave his notice, nor filed his first certificate, within sixty days after he ceased furnishing the materials described in that certificate, unless he can properly be regarded as not having ceased to furnish materials on the 27th of December, 1907, but as having continued to furnish materials after December 27th, 1907, and until a date within sixty days prior to March 26th, 1908, or can be excused for having failed to file his certificate of lien for the materials described in his certificate within sixty days from the time he ceased to furnish them.

It does not appear that Mansfield was under any express contract with Humphrey to furnish to him even the materials furnished prior to December 27th, 1907. Much less does it appear that he ever contracted with Humphrey to furnish to him, or to any one else, any other materials for the VonBeren house than those furnished on and prior to December 27th, 1907, or that he was under any obligation to do so, or that Humphrey, or any other person, was under any obligation to purchase other materials of him for that purpose. Humphrey was merely a customer of Mansfield. While Mansfield may have intended, in October, 1907, when he commenced to furnish materials to him for the VonBeren house, to supply Humphrey with all the materials he might require for that purpose, and while the furnishing of materials from October 21st to December 27th, 1907, may properly be regarded as a continuous transaction, it is not found, nor does it appear, that at any time after December 27th, 1907, and within sixty days prior to March 26th, 1908, he even intended to furnish Humphrey any further materials for the VonBeren house, nor that prior to March 18th, 1908, or at the earliest prior to the 10th of March, when he learned that Murdock had been given the contract of completing the work, he intended to furnish further materials to any one for the VonBeren house. Mansfield learned early in February, 1908, that Humphrey had stopped work on the VonBeren house, and knew some time before filing the first certificate that Humphrey was in failing circumstances. We have the evidence of Mansfield's own statements that he should not be regarded, and has not regarded himself, as having continued to furnish materials during the period of more than sixty days between December 26th, 1907, and March 18th, 1908, when he commenced to furnish Murdock, and during which period he actually furnished no materials for this house to any person. He expressly states in his certificate of March 26th that he ceased to furnish materials on the

27th of December, 1907, and again in his second certificate of June 29th, 1908, he repeats the statement that on the contract with Humphrey he ceased to furnish materials on the 27th of December, 1908, and again commenced with Murdock on the 18th of March, thus clearly leaving the interval between December 27th and March 18th when he did not consider that he was furnishing materials for this house, and he does not claim that he made these statements under any mistake. It is the policy of our law that incumbrances upon real estate shall appear of record. "The statute allows mechanics and materialmen sixty days in which to file their liens after their work is performed or materials furnished, and for obvious reasons it does not mean to allow a longer period." *Flint* v. *Raymond,* 41 Conn. 510, 514. Upon the facts before us Mansfield cannot be regarded as having furnished materials between December 27th, 1907, and March 18th, 1908. His first certificate was therefore filed too late to enable him to acquire the lien claimed therein.

When Mansfield filed his second certificate, June 29th, 1908, claiming a lien for both the $827.77 for materials furnished Humphrey and the $247.94 for materials furnished Murdock, he had already been paid the latter sum, and for all materials he had furnished to any person for the VonBeren house since December 27th, 1907. He, therefore, acquired no lien under his second certificate, unless the furnishing of materials to Murdock after March 18th, 1908, gave him a lien for those furnished Humphrey prior to December 27th, 1907. Waiving the question of whether this second certificate is rendered invalid by the misstatement in it that there was due Mansfield $247.94 for materials furnished Murdock between March 18th and May 1st, 1908, when in fact Mansfield had been fully paid for all the materials he had furnished for the VonBeren house since December 27th, 1907, and waiving also the further question of whether this certificate was filed within the

statutory period of sixty days, since it appears that Mansfield ceased to furnish materials to Murdock on the 24th of April, unless May 1st should be regarded as the day when he ceased to furnish such materials, because on that day Mansfield furnished Murdock four clothes posts for the VonBeren premises,—Mansfield still acquired, under this second certificate, no lien for the materials furnished prior to December 27th, 1908. The materials furnished to Humphrey and those furnished to Murdock for the Von-Beren building, in so far as they were furnished under contracts, were furnished by Mansfield under entirely separate and independent agreements with each of these two persons. Having, by delaying to file his certificate within sixty days from the time he ceased to furnish materials to Humphrey, lost his right to a lien for such materials, the two separate transactions of furnishing to Humphrey and to Murdock cannot be tacked together so as to revive that lost right, or so as to extend the time for filing a certificate for the materials furnished Humphrey. *Farnham* v. *Davis*, 79 Me. 282, 9 Atl. 725; *Noye Mfg. Co.* v. *Thread Flouring-Mills Co.*, 110 Mich. 161, 67 N. W. 1108; *Maryland Brick Co.* v. *Dunkerley*, 85 Md. 199, 36 Atl. 761; *Nye & Schneider Co.* v. *Berger*, 52 Neb. 758, 73 N. W. 274; *Brown* v. *Allis Co.*, 98 Wis. 120, 73 N. W. 656; *King, Gilbert & Warner* v. *Cleveland Ship Building Co.*, 50 Ohio St. 320, 34 N. E. 436; Phillips on Mechanics' Liens (2d Ed.) § 324.

The defendant Mansfield has no lien upon the VonBeren building, and no part of his claim of $869.15 should have been deducted from the sum due Humphrey from Von-Beren.

There is error, and the case is remanded for the entry of judgment in accordance with the views above expressed.

In this opinion the other judges concurred.