[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action brought to foreclose a mechanic's lien, the defendant moves for summary judgment on the grounds that the lien is invalid. The plaintiff, Stephen J. Yellen Builders Construction Cost Management LLC (Yellen) brought the action against the defendant Caroline Hitter (Hitter) to foreclose a lien in the amount of $32,030.19 that it placed on property owned by Hitter. The defendant filed a number of special defenses including one upon which she bases this motion.
Hitter moves for summary judgment to enter in her favor because the mechanic's lien was untimely filed. She filed the motion on April 28, 2000, along with a memorandum of law and the certified deposition CT Page 10294 transcript of the plaintiffs principal.[1] The plaintiff filed an opposing memorandum and affidavit, arguing that there remain issues of material fact. The court heard argument on June 6, 2000.
The following facts are not disputed. On November 5, 1998, Yellen filed a certificate of mechanic's lien in the Roxbury Land Records. The certificate indicates that services were rendered and materials furnished to Hitter beginning March 1, 1998, and ending August 5, 1998, and that the amount claimed was $32,030.19. On November 10, the Yellen' s subcontractor, Goodhill Mechanical, removed an air conditioning compressor from Hitter's property at her request. This compressor had been replaced by another unit and, presumably, was no longer needed by the defendant.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register.Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster ElectronicCo., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriaae Lane Associates, 219 Conn. 772, 781 (1980).
General Statutes § 49-34 provides,
A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is CT Page 10295 being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35.
(Emphasis added.)
The Supreme Court has recently addressed compliance with this statute:
 [t]he guidelines for interpreting mechanic's lien legislation are . . . well established. Although the mechanic's lien statute creates a statutory right in derogation of the common law; . . . its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials . . . Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction.
(Citations omitted.) F.B. Mattson Company. Inc. v. Tarte, 247 Conn. 234,238 (1998).
Based upon the undisputed facts and the applicable law, the court concludes that the mechanics lien in this case was not timely filed. The plaintiff filed the mechanics lien more than ninety days after August 5, 1998, on November 5, 1998. It is undisputed that August 5, 1998, was the last date that the plaintiff itself worked on the project. The removal of a compressor occurred five days after the lien was recorded. In addressing predecessors to General Statutes § 49-34, the Supreme Court held that a lien may not be filed for services and materials until after such services and materials are furnished. Marchetti v. Sleeper,100 Conn. 339, 344 (1924); Booth v. VonBeren, 82 Conn. 298, 304 (1909); see also Cole v. Uhl, 46 Conn. 296, 299 (1878) ("[the statute] requires that the certificate shall be lodged with the town clerk within sixty days after such event") (Emphasis added). Accordingly, the November 10, 1998 service rendered by the plaintiff through its subcontractor is not subject to the lien. It therefore cannot be used to extend the ninety day period as argued by Hitter. CT Page 10296
Because the service provided by the plaintiffs subcontractor on November 10, 1998, was not subject to the lien recorded on November 5, 1998, and because the plaintiff failed to file a timely certificate of lien for the work completed on August 5, 1998, there is no material issue of fact as to the validity of the lien. Because there was not reasonable compliance with General Statutes § 49-34, the lien is invalid. Summary judgment may enter in favor of the defendant Hitter.
DiPentima, J.