Evans-Lee Company and others, Appellants, vs. Hoton and wife, imp., Respondents.

*April 9—May 11, 1926.*

*Mechanics' liens: Sale of premises on land contract: Former owner completing building: Relation to purchaser not that of principal contractor: Materials furnished after sale: Liens.*

1. One K., an owner of a lot who had commenced the erection of a dwelling house, sold the premises on land contract to one H. before completion of the building, retaining title in fee until payment of the purchase price, and while the agreement was not in writing it was understood that K. would continue the construction of the house, which was to be similar to one he had recently built. *Held* that, as regards

materialmen, K. was the owner of the property after the sale on land contract and continued the enterprise as owner, his relation to the purchaser not being that of a principal contractor, and that materialmen were entitled to a lien for materials furnished after the sale to H.   p. 212.

2. Under sec. 289.01, Stats., materials contracted for or furnished after the date of the land contract for a building already commenced on the premises sold are referable back, for lien purposes, to the time of commencement of the building, rather than to the time that the orders or contracts for the materials were given or entered into or the time when any particular materials were furnished; and such lien is prior to liens originating after the commencement of construction though before the material was furnished.   p. 212.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge.   *Reversed.*

August 12, 1922, the defendant Carl G. Knudtson, then engaged in the business of building houses, bought the premises in question, then a vacant lot, taking a deed in his own name and that of his wife, also defendant.

August 17th Knudtson and wife gave a $2,500 mortgage to the defendants Chicago Trust Company and Hopkins as trustees.   The validity of this as a lien prior to any asserted in this action is conceded.

September 20th Knudtson commenced to excavate for a residence he proposed to build on said lot, and the plaintiffs Kruschke delivered cement blocks for the foundation on the same day and to the value of $175.56, for which delivery they were awarded a lien on the trial.

September 21st plaintiff and appellant *Evans-Lee Company* delivered $119.27 worth of lumber, also to be used for such building, and for which amount they were also awarded a similar lien.

September 23d, by which time some of the cement blocks had been placed in the foundation wall, Knudtson and wife made a written contract for the sale of said lot to

*Eugene R. Hoton* and *Mildred Hoton,* his wife, defend-
ants and respondents.    This land contract recited that
Knudtson shall insure any buildings that may thereafter be
erected on said lot for the amount of $3,500 for Knudt-
son and wife as owners in fee, with a clause in the policy
·that *Hoton* and wife have a land-contract interest therein,
loss, if any, under such insurance to be payable to the
Knudtsons to the extent of their interest, any balance to
*Hoton* and wife subject to the rights of any mortgages, etc.

The contract price was to be $4,850, to be paid by *Hoton*
and wife as follows: by a present conveyance of real es-
tate valued at $1,500 and by payments of $25 per month
thereafter, upon which $327.57 had been paid at the time of
the trial.

It further provided that upon full payment of the pur-
chase·price said Knudtsons were to give to the *Hotons* a
warranty deed.    This contract was not recorded.

It is undisputed that at the time this contract was exe-
cuted, and as a part thereof and though not mentioned in
the writing, it was agreed that Knudtson was to continue
building the dwelling house already started and that it was
to be similar to another theretofore completed by Knudt-
son and then shown to *Hoton.*

Thereafter and commencing September 28th the defend-
ant *Hoton,* a baker working at his trade nights, was on the
premises from time to time during the day, did some grad-
ing, and during the cold weather kept up the fires.    The
court found that either Knudtson or *Hoton,* or both, in-
formed some or all of the persons furnishing materials for
said buildings that said *Hoton* had purchased said prop-
erty.

Knudtson proceeded with the erection of said building,
ordering and receiving material for the same from various
persons, the lien claimants in this action, between Septem-
ber and January 10th following, the last date on which

any of such materials were furnished being February 9, 1923.

November 3, 1922, Knudtson was granted a city building permit in his name as owner. The *Hotons* occupied the premises about February 10, 1923. Knudtson became bankrupt June 18, 1923, and before the commencement of this lien foreclosure, and his trustee made a party.

The various claimants gave proper notices within due time if they were to be considered as principal contractors of Knudtson as owner, but failed to give notices to the *Hotons* as owners if such lien claimants were to be considered as subcontractors of Knudtson as principal contractor. Upon the trial it was held that none of the claimants were entitled to liens except as to the amounts above stated for materials furnished prior to the execution of the land contract, and that as to all the rest the claimants were entitled to judgment against Knudtson personally but had no claim of lien against the real estate or the interest of the *Hotons* therein.

From the judgment all the lien claimants except Kruschke and Henry Bergrud have appealed.

The cause was submitted for the appellants on the briefs of *Fred Arnold, Bundy, Beach & Holland,* and *Victor M. Stolts,* all of Eau Claire, and for the respondents on that of *Arthur H. Shoemaker* of Eau Claire.

ESCHWEILER, J.   If, by the contract of September 23d with *Hoton,* Knudtson changed his relationship to the real estate and the building then started and to be erected thereon from that of owner to that of principal contractor, thereby making the respective lien claimants subcontractors rather than principal contractors, the judgment is right. If he, however, is to be considered as continuing the enterprise as owner, then it must be reversed and the respective ap-

pellants allowed their claims as liens on the real estate subject only to the mortgage of $2,500.

By the land contract the Knudtsons and *Hotons* expressly agreed that the Knudtsons are to hold the legal title until the agreed payment had been completed. They agreed that insurance was to be taken out and carried in the name of Knudtson as owner, with the policy to expressly recite that the *Hotons* had a land-contract interest only. The oral arrangement, concededly made, between Knudtson and the *Hotons* that Knudtson was to erect the building in no wise altered such provisions of the written agreement.

There was no express agreement, either oral or written, that Knudtson was to become a principal contractor as distinguished from owner, nor do we find any rule of law which makes such a change for parties who have so explicitly agreed as to their relationship as was done here by the written contract.

The trial court stressed the point that the lien claimants were early informed of the purchase and put upon inquiry; but if they had pursued such an inquiry they would have found the facts as above stated, and these facts, as we have just ruled, did not create the relationship between *Hoton* and Knudtson of owner and principal contractor respectively. Knudtson did not in form or substance agree to sell the lot and then build the house; he agreed to sell the improved lot when the house was completed and full purchase price paid.

The exact legal status of vendor and vendee under land contracts presents at times troublesome questions, and, as is pointed out in the case of *In re Catfish River D. Dist.* 176 Wis. 607 (187 N. W. 673), at p. 613, in reviewing many cases, there may be a measure of ownership in each; the vendor having the legal, the vendee the equitable, title. But in this case, by the express language of the written

agreement, Knudtson and *Hoton* unequivocally fixed the status of Knudtson towards this property during the building period and prior to payment in full of the agreed price to be that of the owner, and such relationship was not thereafter changed by any action on the part of either.

We consider the situation here a stronger one in favor of the lien claimants than was presented where the right to liens was upheld (*Edwards & McCulloch L. Co. v. Mosher*, 88 Wis. 672, 60 N. W. 264), where under a land contract, nothing being then paid down, but the vendee being required to erect a building, the title to both building and land was to remain in the vendor until full payment. The vendor in that case had the whole benefit of the improvement made and his interest was held subject to the lien (p. 679). And it should be noted that in that case, as here, the peculiar conditions of the contract of sale were entitled to great weight (p. 679).

Furthermore, all of the materials contracted for or furnished after September 23d, the date of the land contract, being for a building then already commenced, were under sec. 289.01 (formerly sec. 3314), Stats., all referable back, for lien purposes, to the time of the commencement of the building rather than to the time that the particular orders or contracts for any such materials were given or entered into or the times when any particular materials were furnished.

This statute giving a lien for work, labor, or materials, etc., for, in, or about the erection or construction of any dwelling house, etc., provides that:

"Such lien shall be prior to any other lien which originates subsequent to the commencement of the construction," etc., "upon such dwelling house," etc.

This language has been repeatedly construed as above stated, even though the labor may be done or the material furnished subsequent to the creation of some other lien or

incumbrance. *Rees v. Ludington,* 13 Wis. 276, 281; *Chapman v. Wadleigh,* 33 Wis. 267, 273; *Lampson v. Bowen,* 41 Wis. 484, 489; *Vilas v. McDonough Mfg. Co.* 91 Wis. 607, 614, 65 N. W. 488; *Hewett v. Currier,* 63 Wis. 386, 392, 23 N. W. 884; *Andersen Yard Co. v. Citizens State Bank,* 187 Wis. 60, 63, 203 N. W. 921.

Some contention is made that under sub. (3) of said sec. 289.01, providing that no lien is intended to be given upon the interests of an owner of land where the work or labor is done or furnished at the request of any person holding such land under any contract for the sale thereof unless there be an express agreement between such owner and the person doing such work, and that such lien shall affect the interests only of the person holding the land under such contract of sale, prevents these from being held liens. There is no application of such statute to the facts here, however, for it is Knudtson, as owner, who orders and uses the materials, not *Hoton,* claiming to act under a land contract or through whom the lien claimants attempt to assert their rights.

The lien claimants are therefore entitled to have the full amount of their respective claims for materials furnished in the construction of this dwelling house adjudged liens upon the premises prior to the interest of the defendants *Hoton,* subject, however, to the mortgage of $2,500, conceded to be valid and prior.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

ROSENBERRY, J., dissents.