CAPITAL CITY LUMBER COMPANY, Appellant, vs. SCHROEDER and others, Respondents.

*April 5—May 10, 1932.*

For the appellant there were briefs by *Wegener & Roick,* and oral argument by *James H. Wegener* and *Franklin W. Clarke,* all of Madison.

*B. W. Huiskamp* of Madison, for the respondents.

NELSON, J. It is well established that a conveyance of real estate, at a time when work thereon is in progress, or when the premises are subject to a lienable claim, which is thereafter perfected during the time limited by statute, does not affect the right of a materialman to a lien for materials theretofore furnished. Rockel, Mechanics' Liens, p. 392, § 150; *Hewett v. Currier,* 63 Wis. 386, 23 N. W. 884; *Crocker v. Currier,* 65 Wis. 662, 27 N. W. 825; *Hutchins v. Bautch,* 123 Wis. 394, 101 N. W. 671; *Reynolds v. Manhattan Trust Co.* 83 Fed. 593.

That the plaintiff's right to claim a lien for materials furnished prior to the sale was wholly unaffected by the sale and conveyance of the premises cannot be doubted. Had the plaintiff filed its claim for lien within six months from September 10, 1929, no question as to its validity could have arisen and Hinrichs would have taken the premises subject to the plaintiff's right to file a claim for lien within six months from the last date of furnishing materials. But plaintiff did not file its claim for lien until July 5, 1929, several months after the six months from September 10, 1929, had expired. When the plaintiff, on February 28, 1930, furnished a front door for the house, it no doubt believed that in so doing it was furnishing additional materials which amounted to a continuous furnishing of materials for the erection of the house. The plaintiff, however, knew at that time that Schroeder had sold and conveyed the premises to Hinrichs and that the latter was the owner thereof.

The facts, which are largely undisputed, give rise to a rather troublesome question: May a materialman, having a right to file a lien against certain premises at the time of their sale and conveyance, and for some time thereafter, knowing that such premises have been sold and conveyed, keep his lien rights alive by further furnishing materials to the former owner without the knowledge of the real owner?

No cases having a bearing upon this question have been called to our attention other than *Hutchins v. Bautch, supra,* and *Evans-Lee Co. v. Hoton,* 190 Wis. 207, 208 N. W. 872. In the *Hutchins Case,* at p. 398, it was said:

"It may be that if one sell land while lienable work is in progress thereon under a contract, the license incident to the contract to enter upon the premises might be terminated by the new owner, but he could not by any mere act of his defeat the lien remedy of the contractor for work already done. If he refused to allow completion of the contract an offer to do so would be equivalent to performance, as regards the commencement of the time limited by law for filing the lien petition for work and material already furnished."

In the *Evans-Lee Co. Case* it was said:

"If, by the contract of September 23d with Hoton, Knudtson changed his relationship to the real estate and the building then started and to be erected thereon from that of owner to that of principal contractor, thereby making the respective lien claimants subcontractors rather than principal contractors, the judgment is right."

The court clearly intimated in that case that if the materials therein furnished had not been furnished to Knudtson, who was the owner of the premises even after he had contracted to sell the same on land contract, a different conclusion would have been reached. In that case it was held that the land contract entered into between the vendor and vendee therein did not change the status of the owner to that of principal contractor, and that his status as owner remained exactly the same after entering into the land contract. Had a sale and conveyance, rather than a land contract, been involved therein, it seems clear that another result would have been reached.

It seems clear to us that when land upon which there exists an unfinished building, which is subject to a lienable claim, is conveyed, and the grantor agrees with the grantee to com-

plete the building thereon, that the relationship thereafter existing between the grantor and grantee is that of principal contractor and owner; that the status of one thereafter furnishing materials upon the order of the grantor or former owner, with knowledge of the situation, is necessarily that of a subcontractor and that consequently his claim for lien must be made as a principal contractor for materials furnished prior to the sale and as a subcontractor for materials furnished after the sale.

Had Schroeder, for a certain sum, sold and conveyed the uncompleted house to Hinrichs, and had he at the same time agreed as a carpenter contractor to finish and complete the house for a certain definite sum, there would be no question as to the relationship thereafter existing between Hinrichs and Schroeder. That relationship would be that of owner and principal contractor. One furnishing materials to Schroeder under such circumstances would be a subcontractor. No difference is perceived between such a situation and the situation revealed by the facts in this case.

In the present case the plaintiff considered itself a principal contractor, furnished the front door on February 28, 1930, and thereby sought to keep its lien alive so that it might file its claim for lien within six months from that date. In so doing the plaintiff failed to comprehend its real status, and by not filing its claim for lien as a principal contractor within six months from September 10th, lost its right to a lien. Not having complied with the law relating to subcontractors' liens, it obtained no lien against the premises of Hinrichs.

We do not think that the facts give rise to an estoppel for the reason that the plaintiff knew that the premises had been sold to Hinrichs. Whether, under facts similar to those herein, but in which a materialman has no knowledge of a change in ownership and in which the former owner is per-

mitted to remain in possession of the premises, an estoppel would arise, we need not decide. That situation is not before us.

*By the Court.*—Judgment affirmed.

OWEN and FOWLER, JJ., dissent.