WARNKE and others, Respondents, vs. BRAASCH and others, Appellants.

*December 6, 1939—January 16, 1940.*

For the appellants there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner, Sr.*

*G. E. Ostrander* of Princeton, for the respondents.

MARTIN, J.    The plaintiffs are copartners engaged in the retail sale of lumber and building materials and are located in the city of Princeton in Green Lake county.    It is alleged that said plaintiffs, as such dealers in building materials, "on and between the 8th day of May, 1936, and the 2d day of November, 1936, at the special instance and request of the defendants William J. Braasch and Emma G. Braasch, and upon their promises to pay the sum of $887.01 for all building materials furnished, did deliver to and furnish to the

defendants William J. Braasch and Emma G. Braasch, to be used and which were used for the construction and erection of an addition to the dwelling house owned by said defendants and for the repair and improvement of the dwelling house then on said premises," etc. It is further alleged that said defendants have been given a credit in the sum of $207.33 for materials returned, that the amount due and owing is the sum of $679.68. It is further alleged that the last date upon which building materials were furnished was November 2, 1936, and the plaintiffs' claim for a lien was filed in the office of the clerk of the circuit court of Green Lake county on the 27th day of March, 1937; that the Lehner mortgage was executed on July 14, 1936, and recorded on July 15, 1936; that defendant Knaack filed his claim for a lien on March 27, 1937. The facts are not in dispute. There is no controversy as to the lien of defendant Knaack; his lien was timely filed and it is conceded that his claim was lienable.

As to the lien of the plaintiff copartnership, it appears that on or about May 5, 1936, defendants Braasches decided to remodel their home. They employed a carpenter to do the work and had him prepare a statement of the lumber and materials necessary for the remodeling of said home. Upon the statement submitted by the carpenter, plaintiffs gave defendant Braasch a price of $293.54 on the materials called for. Within a few days thereafter, Braasch and his carpenter discovered that the condition of the house to be remodeled was such that it required an additional amount of material, the greater part of which was different from that originally ordered. Mr. Braasch conferred with the plaintiffs as to this additional material required, and the plaintiffs agreed to furnish such necessary material and to deliver same on the premises upon which the house being remodeled was located.

The date of the last charge for materials furnished in remodeling the house was July 31, 1936. On October 18th Mr. Braasch informed plaintiffs that the house was com-

pleted and requested plaintiffs to furnish him an itemized statement of his account, which plaintiffs did on October 20, 1936. This statement covers the period from May 8th to July 31st, inclusive. It is itemized as to dates and the specific materials delivered and also as to the credits for material returned and the date. The total debits amount to $883.81; the total credits amount to $207.33, leaving the balance due plaintiffs the sum of $676.48.

On November 2, 1936, Mr. Braasch purchased four 1x12, 20-foot boards to place on leaves which had been gathered to bank around the house. Plaintiffs made a charge against Braasch for these four boards in the sum of $3.20. If this last item (the four boards) is a separate transaction, then plaintiffs have lost their right to a lien for all the materials furnished and used in the remodeling of the Braasch house because the claim for a lien was not filed within six months from July 31, 1936. Sec. 289.06, Stats. On the other hand, if the four boards sold and delivered on November 2d can be considered as a part of the original transaction and used in the remodeling of the house, in that event, plaintiffs' claim for a lien was seasonably filed. We think it clear that the sale of the four boards on November 2d was a distinct and separate transaction, also that it was not a lienable item.

"Where there are several items of account for goods sold at different times, there must be either an express contract, or the circumstances must be such as to raise an implied contract embracing all the items, so as to make them single or entire. *Secor v. Sturgis*, 16 N. Y. 548. There was here no such express contract, and no implied contract embracing all the items. . . . Where a party furnishes materials for a building at different times, in order to have a lien for the whole amount furnished, and that a lien might be filed one year after the date of the last charge, it was held such materials must have been furnished under *one* contract." *Brown v. Edward P. Allis Co.* 98 Wis. 120, 125, 73 N. W. 656; *Prince v. C. G. Bretting Mfg. Co.* 203 Wis. 504, 507, 234 N. W. 699.

In *Prince v. C. G. Bretting Mfg. Co., supra,* at page 507, the court said:

"Independent transactions which are not connected with or part of prior transactions can have no influence in the way of extending the time in which a claim for lien must be filed under sec. 289.06, Stats."

The plaintiffs' itemized statement of October 20th shows that there was no sale or delivery of materials subsequent to July 31st, that is, between July 31st and October 20th. Otto Warnke, one of the plaintiffs, testified that he did practically all the negotiating with Braasch in the sale of the building material. He testified:

"When they [Braasch and the carpenter] started tearing down the old house they found it in poor shape, and then he ordered a lumber bill from us *item by item as they needed it* to build the house that is there. The different items of lumber were sometimes ordered by Mr. Braasch and sometimes by the carpenter who was building the house."

The plaintiffs knew when they rendered the itemized statement to Braasch on October 20, 1936, that the remodeling of the house had been completed.

Appellants contend that plaintiffs' claim for a lien was that of a materialman and should have been filed within sixty days after the date of furnishing the last labor or the last materials as provided in sec. 289.02 (2), Stats. While a determination of this question is not necessary in the instant case for the reason that the claim for a lien was not filed until more than eight months after July 31, 1936, we are of the opinion that the materialmen referred to in sec. 289.02 (1) and (2) means those persons who furnish material to a contractor or a subcontractor. The thirty days' notice to the owner required under sub. (1) of 289.02 can have no possible application to cases where the materials are sold directly to the owner as in the instant case. The plaintiffs are contractors as that term is defined by sec. 289.01. Hence, if

their claim had been filed within six months from the date of the last charge for lumber or materials it would have been seasonable.

Although plaintiffs have lost their right to a lien, they are entitled to a judgment in this action against the defendant Braasch, who is personally liable for the amount due.

Sec. 289.12, Stats., provides:

". . . If the plaintiff fail to establish his lien upon the premises but does establish a right to recover for labor or materials he may have a judgment against the party liable."

The judgment must be modified so as to limit plaintiffs' recovery to a personal judgment only, against the defendant William J. Braasch. As so modified, the judgment must be affirmed. Appellants' contentions as to interest and costs are without merit.

On the appeal from that part of the order requiring defendants to pay the sum of $30 as a condition for an extension of the time within which to settle the bill of exceptions, we think this a matter within the discretion of the court.

Sec. 271.07, Stats., provides:

"Costs may be allowed on a motion, in the discretion of the court or judge, not exceeding ten dollars, and may be absolute or directed to abide the event of the action."

This section applies to ordinary motion costs. However, sec. 269.45, Stats., is applicable to the order in question and provides:

"*Enlargement of time.* The court or a judge may, upon notice and good cause shown by affidavit *and upon just terms,* extend the time within which any act or proceeding in an action or special proceeding must be taken (except the time for appeal) and may do so after the time has expired."

The order must be affirmed.

*By the Court.*—Judgment modified in accordance with the opinion and, as so modified, is affirmed. The order appealed from is affirmed. Appellants to have costs.