Fraser Lumber & Manufacturing Company, Appellant, vs. Laeyendecker and others, Respondents.

*March 11—April 13, 1943.*

For the appellant there was a brief by *Bradford & Derber* of Appleton, and oral argument by *A. S. Bradford.*

*Ray J. Fink* of Menasha, for the respondents.

FOWLER, J.   The action is brought under ch. 289, Stats., to foreclose a materialman's lien.   It is without dispute that the plaintiff furnished lumber and materials of the value of $2,351.50 for and that went into the construction of a dwelling house on premises owned by the defendant Clarence H. Laeyendecker, also known as Jack C. Laeyendecker, who will be hereinafter referred to as the "owner."   The main question involved is whether the plaintiff furnished these materials under sec. 289.02, Stats., as a subcontractor of the Fox River Construction Company which built the house under a contract with the owner to construct it and furnish all materials therefor for a total agreed sum for the complete house, in which case it is conceded that the plaintiff has no lien for want of filing a timely notice of claim therefor; or whether it furnished the materials as a contractor under sec. 289.01 (2) (a), in which case it is conceded that under sec. 289.06 he timely filed a proper claim for lien and commenced his suit.

Under sec. 289.01 (2) (a), Stats., every "contractor" who furnishes any materials for the construction of a building has a lien therefor upon the interest of the owner in the land on which it is erected.   By sec. 289.01 (1) (a) one other than a

laborer who enters into a contract with the owner of land to improve it is a "contractor."

Whether the plaintiff is a contractor entitled to a lien for the materials furnished for the owner's house depends upon an instrument in terms as follows:

*"Date March 25, 1941.*

"Fraser Lumber & M'F'G Co.,
 (Company)
"413 N. Superior St., Appleton, Wis.
 (Address)
"This is to notify you that Jack C. Laeyendecker has deposited with us $2,333.33 which we have set aside as a special fund to be paid to you for lumber and millwork to be used in the construction of my residence on Jefferson and London streets, Menasha, Wisconsin.

"On receipt of a statement or statements in writing from the above-mentioned borrower that the above materials purchased from you are satisfactory, we will pay the above amount, or portions thereof, to you, in accordance with the following schedule:
"Check one desired:
 ——— On Delivery
 X Thirty days after delivery
 ——— Days after delivery.

"The material is to be inspected upon its receipt and, if satisfactory, accepted by the borrower, who will notify us to send payment hereunder.

     "JACK C. LAEYENDECKER.
     (Loaning Organization.)

     —————————————
        Title.

"Acknowledgment
 Jack C. Laeyendecker.
 (Owner.)"

The trial court held that the instrument above set out did not make the plaintiff a contractor and dismissed the complaint. The instrument is a blank form filled by inserting with a typewriter the name "Jack C. Laeyendecker,"

"$2,333.33" and "to be used in the construction of my residence on Jefferson and London streets, Menasha, Wisconsin." The form is one commonly used by parties loaning money to be used in financing construction of a building. The form was manifestly conceived as securing pay to a materialman for the furnishing of materials used in constructing the building. It is not apt to integrate a contract between an owner and a materialman to obligate the former to pay the latter for materials furnished for construction of the owner's building. But from the face of the instrument it appears that it is signed by the owner and that the owner had set aside $2,333.33 as a special fund to be paid to the plaintiff for lumber and millwork to be used in the construction of the owner's residence. It also so appears that if the materials furnished by the plaintiff were satisfactory to the owner the owner would pay to the plaintiff the value thereof up to the amount of $2,333.33 so set aside. That the materials were satisfactory to the owner is proved by the fact that he let them be put into his house. We have no difficulty in determining that by the instrument above set out the owner obligated himself to pay the plaintiff for materials furnished for his house to the amount of $2,333.33, and that the plaintiff is entitled to a personal judgment against the owner for the amount furnished within that amount. *Warnke v. Braasch*, 233 Wis. 398, 289 N. W. 598. We are also of opinion that the instrument constitutes a contract with the plaintiff such as to entitle it to a lien on the premises for the purchase price of the materials furnished subsequent to the signing of it by the owner.

As to the materials furnished prior to the signing of the contract, however, the situation as to a lien is otherwise. The lien statutes provide that every contractor who furnishes any materials for the improvement of land shall have a lien thereon upon the interest of the owner. Sec. 289.01 (2) (a), Stats. Sec. 289.01 (4) provides that sec. 289.01 does not give a lien unless there is an express agreement between the owner and

the contractor whereby the owner agrees to pay for or becomes responsible for the improvement. There was no such agreement by the owner until the owner signed the instrument, and until there was such an agreement no materials could be furnished pursuant to it. The plaintiff was not a contractor until he had a contract and it could not acquire a contractor's lien for materials until he had a contract.

The owner claims that the writing created no obligation on his part because there was no consideration therefor. Manifestly there was a consideration for the promise to pay for the materials thereafter furnished. And even if there was no obligation on the part of the owner to pay for the materials theretofore furnished, the fact that the materials went into his house and he received the benefit of them created a moral consideration to pay therefor and this afforded a sufficient consideration to support his promise to pay therefor evidenced by the instrument. *Park Falls State Bank v. Fordyce,* 206 Wis. 628, 238 N. W. 516.

The owner also contends that as the plaintiff on its books charged the materials to the Fox River Construction Company no obligation to the plaintiff was created. The fact that it so started the account on its books, and thereafter continued the account under the same heading and billed the materials to said company, did not prevent the plaintiff from getting from the owner a promise to pay for the materials.

The trial judge did not sign and file formal findings of fact and conclusions of law as sec. 270.33, Stats., requires. · He did sign and file a written decision in which he stated his views as to the rights of the parties and such facts as he considered governed those rights. He did not state when the contract relied on by the plaintiff was signed by the owner, but considered the date of signing immaterial. That is the crucial fact that governs the amount of plaintiff's lien. Without a finding of the date of signing by the trial judge the amount of the lien cannot be determined. The effect above

stated of the date of the signing seems not to have been recognized by either counsel. In view of this situation the record will be remanded for a new trial to determine such date and amount.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with direction to the circuit court to vacate the judgment entered, and order a new trial to determine the date of the signing of the contract in suit and the amount of the value of the materials furnished by the plaintiff after such date, and upon such determination to enter judgment in accordance therewith and with this opinion.