DUITMAN, d/b/a DUITMAN PLUMBING & HEATING, Appellant, v. LIEBELT and others, Respondents.

*October 2—October 30, 1962.*

For the appellant there was a brief and oral argument by *Ervin A. Weinke* of Fond du Lac.

For the respondents there was a brief by *Crowns, Crowns, Merklein & Midthun* of Wisconsin Rapids, and oral argument by *Morgan L. Midthun.*

CURRIE, J. The crucial question on this appeal is whether plaintiff Duitman was a principal contractor or a subcontractor at the time he furnished the materials and performed the labor which are embraced in his claim for mechanic's lien. If Duitman supplied labor and materials while a subcontractor, his claim for a lien was fatally de-

fective for failure to give the new owners of record, defendants Fox, the notice required by sec. 289.02 (1), Stats. 1957,[1] within sixty days of furnishing the first labor and materials.

The circuit court determined that Duitman was a subcontractor at the time he furnished the labor and materials for which he claimed a lien and that, therefore, he did not have a lien because he failed to give the required sixty-day notice. The court's holding was based upon *Capital City Lumber Co. v. Schroeder* (1932), 208 Wis. 157, 242 N. W. 489. That case held that conveyance of real estate, at a time when work is in progress or the premises are subject to a claim for lien, does not affect the right of a materialman to a lien for labor and materials theretofore furnished, provided the claim for lien is timely filed. See also *Findorff v. Fuller & Johnson Mfg. Co.* (1933), 212 Wis. 365, 248 N. W. 766. The court also determined in the *Capital City Case* that where a materialman had actual knowledge of the conveyance by the owner, his status changed from that of principal contractor to that of subcontractor as to materials thereafter furnished on the premises. The same principles are, of course, applicable to one who furnishes lienable labor instead of, or in addition to, materials.

---

[1] Sec. 289.02 (1), Stats. 1957, provided in part:

"Every person, other than the contractor who furnishes labor or materials in any of the cases enumerated in sec. 289.01, shall have the lien and remedy provided by this chapter, if before or within sixty days after furnishing the first labor or materials he gives notice in writing to the owner either by personal service on the owner or his agent or by mailing a copy thereof addressed to such owner or his agent at his last-known post-office address stating that he has been engaged to furnish labor or materials, describing the real estate upon which the same is to be furnished by legal description, mail address, or otherwise, so that the owner is not misled or deceived thereby, and further stating in effect that he is giving such notice pursuant to the Wisconsin mechanics' lien law and will claim a lien against such real estate in the event he is not paid by the contractor for such labor and materials."

We deem that the converse of the last-stated holding of the *Capital City Case* is also true, *i.e.,* a materialman who is furnishing lienable labor or materials as a principal contractor does not become a subcontractor with respect to labor or materials thereafter supplied to the original owner, who has meanwhile conveyed the premises to a new owner, if the materialman has no actual or constructive knowledge of the conveyance. In the instant case, Duitman did not have actual knowledge of the conveyance by the Liebelts to defendants Fox until June 7, 1958, when the latter took possession of the premises. Duitman supplied labor and materials worth only $11.50 after June 7, 1958, during which time his status was clearly that of a subcontractor. The real controversy in this case revolves around Duitman's status before June 7, 1958, while furnishing the labor and materials which constitute the remaining $598.14 of his claim.

Duitman's position on this appeal is, apparently, that January 15, 1958, and not May 29, 1958, is the date when the first materials and labor were furnished with respect to his claim for lien inasmuch as he stands in the shoes of the predecessor partnership. Proceeding from this premise he then contends that the recording of the deed to defendants Fox on May 29, 1958, was not constructive notice to him. This is because the recording of a deed of conveyance is not constructive notice to all the world but only to subsequent purchasers or incumbrancers. *Perkins v. Perkins* (1921), 173 Wis. 421, 427, 180 N. W. 334; 45 Am. Jur., Records and Recording Laws, p. 469, sec. 87.

One who furnishes materials or labor for improving real estate and thereafter files a claim for a mechanic's lien against the premises is in a sense an incumbrancer. Cf. *Redmon v. Phoenix Fire Ins. Co.* (1881), 51 Wis. 292, 300, 301, 8 N. W. 226. Nevertheless, the critical date, in-

sofar as the lien claimant's duty to check the records in the office of the register of deeds is concerned, is the first date on which he furnishes labor or materials because the right to a lien of a supplier of labor or materials arises on that date. We are of the opinion that he does have a duty to ascertain ownership of the real estate as of this date of furnishing the first labor or materials.[2] Therefore, any recorded deed in the chain of title as of that date is constructive notice to him of any rights claimed therein. His duty to search the records, however, does not continue each time he thereafter furnishes further labor or materials pursuant to his original contract or as part of a relatively uninterrupted course of dealing with the person who requests the furnishing thereof. Thus, for example, a deed recorded after a contractor or materialman first furnished labor or materials would not be constructive notice to him with respect to any labor and materials furnished thereafter pursuant to one contract or as a part of a relatively uninterrupted course of dealing with the person who requested the furnishing thereof.

In the instant case the record shows that the labor and materials furnished by Duitman on and between May 29, 1958, and July 19, 1958, were furnished pursuant to a contract separate from that pursuant to which the partnership furnished labor and materials between January 15, 1958, and March 28, 1958. Moreover this is not a situation in which a materialman furnishes materials for a building project without an express contract in a relatively uninter-

---

[2] It should be noted with respect to the issue of priority of mechanics' liens in relation to other incumbrances that the determining date is the first date on which visible work is done on the premises in connection with the improvement and not the first date on which the lien claimant supplies labor and materials. *Evans-Lee Co. v. Hoton* (1926), 190 Wis. 207, 212, 208 N. W. 872.

rupted course of dealing with the person ordering same. Therefore, we agree with the conclusion, expressed by the learned trial judge in his memorandum opinion, that the furnishing of labor and materials by the partnership earlier in the year was wholly irrelevant to the issues of the instant controversy. Since the two contracts were separate, Duitman had a duty on May 29, 1958, at the time he supplied the first of the labor and materials under the new contract with the Liebelts, to ascertain who was the owner of the premises. Had he investigated the records in the office of the register of deeds on that day he would have discovered that the deed from the Liebelts to defendants Fox had been recorded that morning at 8 o'clock. We hold that the recording of this deed was constructive notice to Duitman, and, therefore, under the holding of the *Capital City Case* his status was that of a subcontractor of the Liebelts.

In view of the foregoing, Duitman at the time of commencement of the action did not possess a valid claim for a mechanic's lien because of his failure to give defendants Fox the sixty-day notice required by sec. 289.02 (1), Stats. 1957.

*By the Court.*—Judgment affirmed.