PAULSEN LUMBER, INC., Respondent, v. MEYER, Appellant.

*No. 315. Argued June 2, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 884.)

622

For the appellant the cause was submitted on the brief of *Clyde M. Paust* of Milwaukee, and for the respondent on the brief of *Peregrine, Schimenz, Marcuvitz & Cameron* and *Hugh R. Braun,* all of Milwaukee.

HANLEY, J.   Sec. 235.701, Stats. 1961, provides:

"**Building loans; trust funds.** The proceeds of any such mortgage referred to in ss. 215.22 and 235.70, shall, when paid out by such state savings and loan association or such federal savings and loan association or of any other mortgage from any other source and received by the owner of the premises or by any contractor or subcontractor performing the work and labor forthwith constitute a trust fund in the hands of such owner or contractor or subcontractor *for the payment pro rata of all claims due and to become due or owing from such contractor or subcontractor for lienable labor and materials* until all such claims have been paid. The use of any of such moneys by any owner, contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute, have been paid in full, or pro rata in cases of a deficiency, shall constitute theft of any moneys so misappropriated. The district attorney of the county where the premises are situated shall on the complaint of any aggrieved party prosecute such owner, contractor or subcontractor

misappropriating such moneys for such theft." (Emphasis supplied.)

The appellant's basic contention is that under the terms of the statute the only persons protected by the trust provisions are those to whom the *contractor* is indebted for lienable labor and materials. Since the statute provides that the trust is imposed for payment of claims due ". . . from such contractor or subcontractor . . ." the contractor himself is not the beneficiary of the statutory trust.

The appellant then argues that since he is the "owner" of the improved land, Paulsen Lumber, Inc., is the "contractor" and thus not afforded the benefit of the trust imposed by sec. 235.701, Stats. 1961.

A reading of the statute clearly reveals that the trust is imposed upon funds ". . . for the payment pro rata of all claims due and to become due or owing *from* such *contractor* or *subcontractor*. . . ." (Emphasis supplied.) The statute does not impose a trust upon funds for the payment of claims owed by the *owner* unless the owner can also be deemed the contractor. The question thus is whether under the facts of this case, Paulsen Lumber, Inc. (hereinafter the respondent) or Lee Homes, Inc., is the "contractor." If the respondent is the contractor, it is not protected by the trust and its action must be dismissed.

In support of his contention that the respondent is the contractor in the instant case, the appellant refers this court to the definitions contained in sec. 289.01 (1) (a) and (c), Stats. 1961:

"**Contractors' liens.** (1) DEFINITION. In this chapter unless the context or subject matter otherwise requires:
"(a) 'Contractor' means a person, other than a laborer, who enters into a contract with the owner of land to improve it or who takes over from a contractor his uncompleted contract; and includes an architect, professional engineer and surveyor employed by the owner.

" . . .

"(c) 'Owner' means the owner of any interest in land who enters into a contract for the improvement thereof."

Appellant then argues that since Lee Homes, Inc., is clearly the owner of the real estate which was to be improved and since sec. 289.01 (1) (a) and (c), Stats. 1961, clearly distinguish between "owner" and "contractor," the respondent (Paulsen Lumber, Inc.) must be considered the "contractor."

This argument assumes both that the definitions in sec. 289.01 (1) (a) and (c), Stats. 1961, are applicable to sec. 235.701, Stats. 1961, and that an owner (Lee Homes, Inc.) cannot also act as his own "contractor."

Cases dealing with secs. 289.01 (1) (a) and (c), Stats. 1961, do lend some support to appellant's proposition that material suppliers, such as respondent, who deal directly with owners are contractors within the meaning of ch. 289, Stats. 1961. These cases include *Warnke v. Braasch* (1940), 233 Wis. 398, 289 N. W. 598; *Fraser Lumber & Mfg. Co. v. Laeyendecker* (1943), 243 Wis. 25, 9 N. W. 2d 97; and *Duitman v. Liebelt* (1962), 17 Wis. 2d 543, 117 N. W. 2d 672.

In *Warnke, supra,* the plaintiff, who was engaged in the retail sale of building materials, furnished materials directly to the defendant-homeowners who were to improve their home. Under the statutes then in effect a "contractor" had six months from the date on which material was last furnished in which to file a claim for a lien. Subcontractors, materialmen and laborers, however, had only 120 days from the date of furnishing the last labor or materials in which to file their claims for liens. This court held that since the plaintiff's lien had not been filed for more than eight months from the date on which the last materials were furnished, it was unnecessary to determine whether the plaintiff was a contractor or a materialman. By way of dictum, however, the court then noted that the thirty-day notice provision

relating to subcontractors, materialmen and laborers could have no application ". . . to cases where the materials are sold directly to the owner. . . ."

In *Fraser, supra,* this court was confronted with whether the plaintiff furnished materials to the defendant as a contractor or as a subcontractor. Again the status of the plaintiff (a lumber company) was significant because it was determinative of whether, under then existing statutes, he had timely filed his notice of claim for a lien. Although the plaintiff merely furnished the materials while another firm did the actual construction work, this court, applying the statutory definition of "contractor," held that the plaintiff was a contractor.

*Duitman v. Liebelt, supra,* involved a situation wherein one who had contracted for plumbing improvements sold the home to another before the plaintiff had completed work on the plumbing. Since the status of the plaintiff (plumbing company) was determinative of whether a claim for a lien had been timely filed, this court was called upon to determine whether plaintiff was a contractor or subcontractor with regard to the labor and materials furnished the new owner of the house. This court held that when the new owner files his deed with the register of deeds a materialman who is furnishing lienable labor or materials as a principal contractor is given constructive notice of the sale and thus becomes a subcontractor. Appellant apparently is of the position that implicit in this holding is the fact that before becoming a subcontractor the *materialman, who was dealing directly with the first owner, was a contractor.*

Admittedly, these cases lend some support for the proposition that a materialman who deals directly with the owner of property is a contractor. However, these cases all concern directly or indirectly the definition of "contractor" as contained in ch. 289, Stats. 1961. The words of sec. 289.01, Stats. 1961, which introduce the

definition of "contractor" relied upon by the appellant are as follows:

*"In this chapter* unless the context or subject matter otherwise requires: . . ."  (Emphasis supplied.)

Therefore, it is not mandatory that this court accept the definition urged by the appellant or the cases relying upon such definitions.

Unfortunately, no cases have been cited to this court nor discovered by this court which would support the hypothesis that Lee Homes, Inc., although the owner of the premises, was also the contractor. However, the definitions relied upon by the appellant are not applicable to the statute here under consideration. There is nothing unusual or illogical with an owner of land acting as his own contractor and dealing directly with numerous material suppliers, such as the respondent. In fact, the definitions contained in the new construction lien law (ch. 289, Stats.), enacted in 1967, specifically provide for such a situation.

Sec. 289.01 (2) (a), Stats., states:

"DEFINITIONS. In this subchapter unless the context or subject matter requires otherwise:

"(a) 'Prime contractor' means:

"1. A person, other than a laborer, but including an architect, professional engineer, or surveyor employed by the owner, who enters into a contract with an owner of land who is not himself the prime contractor as defined in subd. 2 to improve the land, or who takes over from a prime contractor his uncompleted contract; or

"2. *An owner of land who acts as his own general contractor in improving such land."*  (Emphasis supplied.)

Under the stipulated facts of the instant case Lee Homes, Inc. (the appellant's employer) was not simply the owner of a single building. On the contrary, it was building numerous homes on speculation, contracting with numerous suppliers such as the respondent and

negotiating its own loans for which mortgages were given. The respondent, on the other hand, did nothing but supply certain materials which were used by Lee Homes, Inc., in the construction of its homes. Under these circumstances, we think that the status of contractor is best attributed to Lee Homes, Inc.

Although little case law exists as to sec. 235.701, Stats. 1961,[1] this court in *State v. Halverson* (1966), 32 Wis. 2d 503, 515, 145 N. W. 2d 739, has stated that:

"The main purpose of the statute is clear. It is designed to prevent the disposition of funds for purposes other than lienable claims. . . ."

There is no doubt whatever that Lee Homes, Inc., has no lienable claim against anyone. It is clear, however, that the respondent's claim was lienable under the provisions of ch. 289, Stats. 1961, and this fact was so stipulated. Since the purpose of sec. 235.701, Stats. 1961, is to protect lienable claims and since the activities of Lee Homes, Inc., so dictate, we believe that Lee Homes, Inc., was in fact acting as its own general contractor at the time respondent furnished the building materials.

In view of the fact that sec. 235.701, Stats. 1961, protects those who have claims "due and to become due or owing from such contractor," the trial court was correct in entering judgment for the respondent.

*By the Court.*—Judgment affirmed.

---

[1] *See generally: Bastian v. LeRoy* (1963), 20 Wis. 2d 470, 122 N. W. 2d 386.