In the Matter of Douglas MacArthur SATO and Patricia Ann Sato, a/k/a Douglas MacArthur and Patricia MacArthur; D & P Independent Painting Contractors, Debtors.

Douglas MacArthur SATO and Patricia Ann Sato, a/k/a Douglas MacArthur and Patricia MacArthur; D & P Independent Painting Contractors, Plaintiffs,

v.

PROPERTY IMPROVEMENT & SUPPLY CORP., Defendant.

Bankruptcy No. 79–02458.
Adv. No. 80–0099.

United States Bankruptcy Court,
E. D. Wisconsin.

Oct. 9, 1980.

Marshall Arrieh, Milwaukee, Wis., for Plaintiffs.

Kenneth O. Donner, Milwaukee, Wis., for Defendant.

MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

I.

The issue in this case is whether the defendant has a judicial lien on the debtors' exempt property which may be avoided pursuant to 11 U.S.C. § 522(f)(1).

Since the facts are undisputed the parties have submitted the case on briefs.

II.

On November 8, 1976, Property Improvement & Supply Corporation completed roofing work on the debtors' property at 2805 North 35th Street, Milwaukee, Wisconsin, and was due $900.00. When the debtors failed to pay the balance, Property Improvement gave them notice of its intention to file a claim for a lien on their property in the event payment was not made. On March 14, 1977, approximately sixty days after the notice, Property Improvement filed its claim for a lien on the debtors' property in the Circuit Court for Milwaukee County. When the debtors again failed to

pay the $900.00, Property Improvement initiated a foreclosure action on its lien claim. Default judgment was entered in that action on October 17, 1978, and it was adjudged that if upon confirmation of the sheriff's sale of the debtors' interest in the 35th Street property, the proceeds, after deducting costs, were insufficient to pay Property Improvement, judgment would be entered against the debtors for the deficiency.

### III.

11 U.S.C. § 522(f)(1) provides in part that:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is—(1) a judicial lien . . . .

Consequently, the debtors argue that Property Improvement's claim against their exempt property is a voidable judicial lien because it resulted in a foreclosure judgment and was obtained by judgment. In support of that argument they cite 11 U.S.C. § 101(27) which defines a judicial lien as a " . . . *lien obtained by judgment*, levy, sequestration, or other legal or equitable process or proceeding." (Emphasis added).

■ But, Property Improvement's lien was not obtained by judgment. Its lien arose on the first day that it supplied labor and materials to improve the debtors' property, Wis.Stat. § 289.01(2), (4) (1977); *Duitman v. Liebelt*, 17 Wis.2d 543, 549, 117 N.W.2d 672 (1962), and was virtually automatic under the Wisconsin Construction Lien Law. Wis.Stat. Ch. 289.01 *et seq.* (1977). Thus Property Improvement's lien was a creature of statute and not the result of judicial action. Moreover, it is a statutory lien as that term is defined by 11 U.S.C. § 101(38) which reads:

> "Statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

This conclusion is further supported by the legislative history for § 101(38) wherein it is stated that:

> A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics, materialmen's and warehousemen's liens are examples. H.R.Rep.No.95–595, 95th Cong. 1st Sess. 314 (1977). S.Rep. 95–989, 95th Cong.2d Sess. 27 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5812.

■ As a final note, the court rejects the contention that Property Improvement's foreclosure action transformed its initial statutory lien into a judicial lien. A lien foreclosure judgment is unlike a personal judgment which upon proper docketing becomes a lien against the debtor's real estate in that county. Wis.Stat. § 806.15(1) (1977). Indeed its effect is to authorize the lienor to have the sheriff sell the debtor's interest in the affected property to satisfy the lien claim. And in certain cases, such as the one at bar, it also provides for a conditional personal judgment in the event the lienor's claim cannot be completely satisfied from the sale proceeds. Wis.Stat. § 289.10 (1977).

### IV.

Based upon the foregoing, the court finds for the defendant, Property Improvement & Supply Corporation, and the debtors' complaint is hereby dismissed.

The above shall stand for the court's findings of fact and conclusions of law pursuant to Rule 752(a), Federal Rules of Bankruptcy Procedure.